UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUUS TOTAL RETURN INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-04246 |
| | § | |
| MICHAEL J. MAY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the Court is the plaintiff's, Equus Total Return. Inc. (Equus) motion for summary judgment (Dkt. No. 18), the defendant's, Michael May response (Dkt. No. 20), and Equus' reply (Dkt. No. 22). After reviewing the record, the Court finds that Equus' motion for summary judgment should be GRANTED.

**II. FACTUAL BACKGROUND**

The plaintiff, Equus, is a Delaware corporation with its principal place of business in Houston, Texas. The defendant, Michael May, is a resident of Massachusetts and the president of 5th Element Tracking, LLC (5th Element). On January 6, 2015, Equus as lender and 5th Element as borrower, entered into a promissory note, whereby 5th Element promised to pay Equus $914,509.00 for the purchase of a company. Equus describes the transaction as a seller-financed loan for the purchase of securities. On the same day, Equus and May executed a guaranty agreement. Equus agreed to extend credit and financial accommodations to 5th Element on the condition that May make full and timely repayment of the promissory note if 5th Element failed to do so.

On January 6, 2016, the promissory note became due. Equus asserts that the borrower, 5th Element failed to pay the note. Equus explains that on four occasions it agreed to extend the maturity date of the note.[1] Ultimately, on May 14, 2018, 5th Element failed to pay the note after the final extension due date. On August 13, 2018, Equus notified May of 5th Element's default and made demand for payment under the guaranty he signed. May failed to pay. On November 8, 2018, the plaintiff filed suit against May alleging default and breach of contract. Equus now moves for summary judgment contending that there is no genuine issue as to any material fact regarding liability.

## III. APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

---

[1] On March 2, 2016, Equus agreed to the first amendment extending the maturity of the note to July 1, 2016, in exchange for $50,000.00 of which $25,000.00 was paid at the time of the first amendment. The remaining $25,000.00 was added to the principal balance of the agreement. On June 30, 2016, Equus agreed to the second amendment extending the maturity of the note to October 31, 2016, in exchange for an extension fee amount of $50,000.00 of which $12,500.00 was paid at the time of the amendment. The remainder was added to the principal balance. On October 31, 2016, the third amendment was agreed upon. On August 8, 2017, the parties entered into the fourth extension agreement.

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only

where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

### III. ANALYSIS AND DISCUSSION

Asserting that there is no issue as to any material fact regarding liability in this matter, Equus moves for summary judgment. Equus maintains that this is a simple collection action. Equus explains that it entered into a promissory note with 5th Element, whereby, Equus agreed to loan 5th Element funds and 5th Element agreed to repay the loan. Equus failed to pay the promissory note when it became due. Then, Equus sought payment from May, the guarantor of the note. Subsequently, he failed to pay under the guaranty. Therefore, Equus claims that it has suffered damages and is entitled to a judgment against May in the amount of $1,645,459.45.

May argues that Equus never loaned any funds to 5th Element. He adds that 5th Element never received any advances from Equus. He further contends that the note and guaranty are unenforceable and asserts the affirmative defenses of conditional delivery of the note, and fraudulent inducement. Specifically, May contends that no consideration was provided in connection with the guaranty.

Equus has established that May breached the guaranty agreement. Therefore, Equus' motion for summary judgment is granted. Under Texas law, a breach of contract claimant must show that: (1) a valid contract existed; (2) the plaintiff performed or tendered performance; (3)

the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F. 3d 386, 418 (5th Cir. 2009). Here, there is no dispute that May and Equus entered into a valid guaranty agreement. The executed agreement signed by May as guarantor is part of the record. The guaranty establishes that, "Guarantor hereby irrevocably, absolutely and unconditionally guarantees to Lender the full and timely payment of the Note…." Here, there is no dispute that performance took place. May does not dispute that 5th Element did purchase the company from Equus. In addition, the record further reflects that May, on behalf of 5th Element signed four extensions of the maturity date of the note. If there was no performance by the plaintiff, May would not have agreed to the payment extensions. Next, there is no dispute that breach occurred. May has admitted to not paying under the guaranty for reasons listed in his answer to the complaint. Finally, the plaintiff has claimed damages in this matter.

The Court notes May's denial that there was ever a loan of any sort. Yet, May signed four promissory note extensions, granting 5th Element additional time to repay the loan.

The Court finds that a breach of the guaranty has occurred and summary judgment for the plaintiff is appropriate. Judgment is entered in favor of Equus, in the amount of $1,763,985.36 and attorneys are awarded in the amount of $27,725.01 for a combined total of $1,791,710.37.

IV.  **CONCLUSION**

Based on the foregoing analysis and discussion, Equus' motion summary for judgment is **GRANTED**.

SIGNED on this 16th day of December, 2019.

_____
Kenneth M. Hoyt
United States District Judge